# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEVEN A. HURST AND SUZANNE M. HURST,

    Plaintiffs,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, Steven A. Hurst and Suzanne M. Hurst ("Plaintiffs"), by and through their undersigned counsel, bring this action against the Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and 1024.36 of Regulation X, and 1026.36 of Regulation Z.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a foreign limited liability company with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

8. At all times material hereto, Plaintiffs owned and continue to own the subject property, which is located in Broward County, Florida with an address of **** McKinley Street, Hollywood, FL 33024.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ******3248.

**BACKGROUND AND GENERAL ALLEGATIONS**

12. On May 12, 2004, the Plaintiffs entered into a promissory note agreement with Morgan Stanley Dean Witter Credit Corporation (the "Note") for what they intended to be their primary residence.

13. The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14. On or about May 2, 2017, a foreclosure action was filed against the Plaintiffs in Broward County, Florida, bearing Case No. CACE17008208 (11), and styled as DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2004-7AR, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-7AR v. STEVEN A. HURST AND SUZANNE M. HURST (the "Foreclosure").

15. Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent them in their efforts to save the subject property.

**I.    The Request for Information ("RFI")**

16. After reviewing their mortgage statements, the Plaintiffs wished to get answers as to how and why Plaintiffs accrued charges on their mortgage loan account amounting to $12,962.81. The charges are hereinafter referred to as the "unexplained charges."

17. On or about December 11, 2017, in an effort to utilize the protections afforded to consumers by Congress, Loan Lawyers—on behalf of the Plaintiffs—mailed to the Defendant a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiffs' RFI"). A true and correct copy of the Plaintiffs' RFI is attached as **Exhibit A**.

18. The Defendant received Plaintiffs' RFI on or about December 14, 2017.

19. Plaintiffs' RFI asked the Defendant to: (1) provide an accurate statement of the total outstanding balance of the loan; (2) provide the full name, address and telephone number of the current owner of the original mortgage note; (3) provide a complete pay history for the life of the loan; and finally (4) to clarify with specificity the details of unexplained charges which were assessed on the Plaintiffs' loan.

20. The Plaintiffs' RFI also provided in pertinent part:

> Please be advised that **the subject property is currently "owner-occupied" and my client has not allowed the property to deteriorate and has not committed waste on the property**. My client has maintained the property in order to prevent the property from deteriorating or decreasing in value. If you should have any further questions or concerns regarding the condition or occupancy status of the property, please do not hesitate to contact the undersigned. **Please do not continue to conduct property inspections. Without in any way conceding that Paragraph 20 of my client's mortgage applies, please consider this correspondence a formal dispute notice pursuant to Paragraph 20 of the mortgage. My client disputes any and all property inspections fees charged to the loan**.

(Emphasis added). *See* **Exhibit A**.

## II. Requirements and Responses After Received Plaintiffs' RFI

21. The Defendant was obligated to acknowledge receipt of Plaintiffs' RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c). Thus, a written acknowledgment was due no later than December 21, 2017.

22. Pursuant to 12 C.F.R. § 1026.36(c)(3), the Defendant was obligated to provide an accurate payoff statement within seven (7) business days of December 14, 2017; the date Ocwen received Plaintiffs' RFI.

23. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

*See* 12 C.F.R. § 1026.36(c)(3).

24. The Defendant, Ocwen, was obligated to disclose the identity of the owner of the loan obligation, as well as its address and telephone number pursuant to Section 1024.36(d)(2)(i)(A) of Regulation X.  Section 1024.36(d)(2)(i)(A) requires a servicer to provide a response "not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan."  This information was due no later than December 24, 2017.

25. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." *See* 12 C.F.R. § 1024.36(d).

### III.     Correspondences Received

26. On January 2, 2018, Loan Lawyers received a written correspondence from the Defendant (the "RFI response").

27. The Defendant's RFI response appeared robust, exuding assurances that a comprehensive resolution to the Plaintiffs' concerns had finally arrived.  However, inasmuch that the quantity of the Defendant's RFI response totaled twenty-nine pages, the substance of the Defendant's RFI response fell woefully short of what RESPA requires.

28. Ocwen's RFI response merely stated a payoff amount for the loan, and ostensibly intended to resolve the Plaintiffs' concerns by either providing information which served to only add to their worry, and give rise to new questions, or otherwise, the Defendant simply ignored, and in some cases, even refused to provide the information which was actually part of the Plaintiffs' RFI dated December 11, 2017. This is a violation of RESPA.

29. As mere examples of the Defendant's failures to comply with RESPA:

   a. The Plaintiffs' RFI identified at Section (B) one of various charges assessed on their mortgage loan account, which has caused them concern. Specifically, a fee/charge labeled as "Past Due Fees/Other Charges." The fee/charge totaled $7,988.81, and requested a detailed explanation of that charge, along with the three (3) other fees/charges enumerated in Section (B). The total amount of the unexplained fees and charges, which were added to the Plaintiffs' mortgage loan account, was $12,962.81.

      The Plaintiffs' RFI requested for a detailed explanation of the fee/charge included: (i) a request to know the basis for the charge; (ii) the date of accrual of the each charge and sub-charge comprising **the total amount**; (iii) all documents in the Defendant's possession, or known to the Defendant which would otherwise support or evidence any of the charge or amounts they claimed as due; (iv) and specific requests for invoices, reports and/or proof of payments made by the Defendant for alleged inspections, attorney's fees, filing fees, title fees, Court costs, Broker price opinions and service of process charges.
      
      i. The Defendant's RFI response on <u>Page 2,</u> only addressed a perceived concern of the Plaintiffs' to be with late fees being assessed on their mortgage loan. The Defendant provided an explanation of why and when those late fees are assessed on the Plaintiffs' account.
      
         Further, the $624.86 total charge for late fees was an unknown figure to the Plaintiffs and thus gave rise to new concerns before eliminating the original ones. Further, the Defendant did not address the **total amounts** of any of those fees/charges inquired about by the Plaintiffs' RFI.
   
   b. Lastly, the Defendant's RFI response made clear that the Plaintiffs' requests for invoices pertaining to Foreclosure Fees, Attorney Fees, Filings Fees, Title Fees, Property Inspection Fees, Service of Process Fees and Appraisal Fees, would simply not be provided. This too is a RESPA violation. *Id*.

## IV.     Notice of Error and Opportunity to Cure.

30. On January 8, 2017, Plaintiffs' counsel, sent the Defendant correspondence, noting the errors, which flowed from their purported response(s) to the Plaintiffs' RFI dated December 28, 2017. A true and correct copy is attached as **Exhibit B**.

31. The Plaintiffs' January 8 correspondence made clear that:

> "[W]e have not received a response to the RFI that complies with the law. Upon review of your client's response, we do not feel that it is in compliance with Section 1024.36. You have assessed fees on my clients account, what we are requesting are specific invoices showing those charges have in fact been paid in accordance with the subject loan.
>
> Specifically, your response failed to answer or properly explain the following requests that were in the RFI:
> (1) Please state if you have any reason to believe the subject property is vacant and/or not in good condition, and if yes, please state the reason;
> (2) Please advise why you believe that monthly property inspections are reasonable or appropriate to protect the lender's interest in the subject property;
> (3) Please identify the date upon which you first ordered a property inspection to be conducted on the subject property;
> (4) Please state the frequency with which you conduct or cause to be conducted property inspections upon the subject property;
> (5) Please state whether you received specific instructions from the owner/lender of the subject loan to conduct or cause to be conducted property inspections upon the subject property;
> (6) Please state the date upon which each property inspection was conducted;
>
> Further, your response failed to provide copies of each and every property inspection invoice, report, photographs taken and proof of actual payment to any third party responsible for conducting the inspections for the amounts specified and charged to the account, as requested in the RFI."

*See* **Exhibit B**.

32. The Plaintiffs' January 8 correspondence also afforded the Defendant, without request, an additional ten (10) days to provide the requested information or otherwise supplement its response to the RFI, and to comply with the law.

33. On January 22, 2018, Loan Lawyers received an acknowledgement from the Defendant of the Plaintiffs' January 8 correspondence. A true and correct copy is attached as **Exhibit C**.

34. Section 12 C.F.R. 1024.35(e)(1) provides what a servicer is required to do under RESPA when responding to a notice of error:

> "[A] servicer must respond to a notice of error by either:
> (A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or
>
> (B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance."

*See* 12 C.F.R. §1024.35(e)(1).

35. Overall to date, the Defendant has kept to their word by not providing the requested documents in response to the Plaintiffs' RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

36. The Defendant was obligated to provide a written response to Plaintiffs' information requests within thirty (30) business days, which included the requested information or

stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

37. However, the Defendant's prior correspondence stand as clear intent to not even endeavor to provide a complete pay history for the life of the loan, or clarify with any sort specificity, the details of the unexplained charges, which remain, assessed on the Plaintiffs' loan.

38. The Defendant violated RESPA, when it simply regurgitated the very same information, which yielded the Plaintiffs' concerns with their mortgage loan account in the first place.

39. Defendant insufficiently responded to, or otherwise outright ignored, the Plaintiffs' requests and attempts at amicably resolving the above issues. As noted above, the Plaintiffs sent notices of error and opportunities to cure to the Defendant, and each time the Defendant responded with their clear intent to not correct those errors or otherwise provide adequate response to the Plaintiffs' RFI, as RESPA requires.

40. The Plaintiffs' letters provided the Defendant with additional opportunities to comply with the law, granting extension without request.

41. Despite those efforts, the Defendant has failed or refused to correct the errors of which they were advised, contrary to 12 C.F.R. 1024.35, and has failed or refused to respond to Plaintiffs' RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B), as well. Each of these errors in Ocwen's servicing conduct is a violation of RESPA.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

42. Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1 through 41 against the Defendant.

43. Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**
   A servicer of a federally related mortgage shall not--

   ****

   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

   ****

   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

   12  U.S.C. § 2605(k)

44.    Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

45.    The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

46.    Ocwen's response to the RFI and total failure to respond to the NOE is a violation of federal regulation.

47. The Defendant has violated RESPA in that they did not provide a response to the Plaintiffs' January 8 notice of error correspondence, which complied with 12 C.F.R. §1024.35(e)(1).

48. The Defendant has also violated RESPA by failing to provide a complete response to the Plaintiffs' RFI dated December 11, 2017, which complies with 12 C.F.R. §1024.36(d).

49. As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

50. Plaintiffs' attempted to amicably resolve the above-issues prior to the filing of this lawsuit.

51. Plaintiffs have hired Loan Lawyers, LLC, for legal representation in this action and have agreed to pay a reasonable attorney's fee.

52. The Plaintiffs have been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the repeated failures to provide the information requested in the RFI. The Defendant noted in multiple letters of correspondence that despite the rights conferred by Congress on the Plaintiffs, the Defendant would not even address those rights.  Therefore, the Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information.  See *MAHALA A. CHURCH, Plaintiff - Appellant, v. ACCRETIVE HEALTH, INC., Defendant - Appellee.*, No. 15-15708, 2016 WL 3611543, at *1–3 (11th Cir. July 6, 2016)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016)).

53. Plaintiffs are entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiffs' multiple notices of error and opportunity to cure; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to inquiries as required by RESPA, which includes the Notice of Error and Opportunity to Cure. See *Martinez v. Shellpoint Mortg. Servicing*, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); *Porciello v. Bank of America, N.A.*, 2015 WL 899942 (M.D. Fla. 2015)(same); *Bryan v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment). Plaintiffs have also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiffs' concerns relating to their loan, while simultaneously seeking to foreclose upon that loan. See *Bryan v. Fed. Nat'l Mortg. Ass'n*, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

54. Plaintiffs are entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B) as a result of Ocwen's pattern or practice of noncompliance with Regulation X and RESPA.

55. The Defendant has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

> (1) With respect to CFPB Consumer Complaint ID 2403937, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

        (2) With respect to CFPB Consumer Complaint ID 2336658, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

        (3) With respect to CFPB Consumer Complaint ID 2084560, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

        (4) With respect to CFPB Consumer Complaint ID 1635006, the Defendant violated RESPA and specifically violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

56.    Plaintiffs are entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, Steven A. Hurst and Suzanne M. Hurst, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiffs' RFI with detail and specificity;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Steven A. Hurst and Suzanne M. Hurst, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Anthony C. Norman*
Anthony C. Norman, Esq.
Florida Bar No.: 112105
E-mail: Anthony@fight13.com
Secondary E-mail: Traci@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiffs*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786